UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CASSIE J. POOLE<br><br>               Plaintiff,<br><br> -v-<br><br>MED-1 SOLUTIONS, LLC.<br><br>               Defendant. | Case No.: 1:18-cv-03255-JRS-MPB<br><br>Honorable James R. Sweeney, II<br><br>Magistrate Judge<br>Matthew P. Brookman |

## ORDER ON CASE MANAGEMENT PLAN

I.    Parties and Representatives

    A. Parties

       Plaintiff:                                         Defendant:
       Cassie J. Poole                             Med-1 Solutions, LLC

    B. Representatives

       Kristen C. Wasieleski                   Nicholas Ward Levi
       David S. Klain                                    KIGHTLINGER & GRAY, LLP
       CONSUMER LAW PARTNERS, LLC      211 North Pennsylvania Street
       333 N. Michigan Ave., Suite 1300        One Indiana Square, Suite 300
       Chicago, Illinois 60603-3561                 Indianapolis, IN 46204
       Phone: (267) 422-1000                          Phone: (317) 638-5917
       kristen.w@consumerlawpartners.com    nlevi@k-glaw.com
       david@consumerlawpartners.com

II.    Jurisdiction and Statement of Claims

    A. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

    B. Plaintiff: Plaintiff has brought a complaint against Defendant under the Fair Debt Collection Practices Act ("FDCPA") and the Indiana Deceptive Consumer Sales Act ("IDCSA"). Specifically, Plaintiff alleges that Defendant violated Sections 1692e, e(5),

      e(10), e(14) and f of the FDCPA and Sections 24-5-0.5-3(a) and (b)(20) of the IDCSA by using a name other than Defendant's true name, "Med-1 Solutions, LLC", on the Collection Letter to Plaintiff. Defendant used the name "Richard R. Huston, Attorney at Law" on the envelope, making it unclear as to who was collecting the debt and misrepresenting this communication was a communication from an attorney instead of Defendant, in direct violation of 15 U.S.C. § 1692e(10).

  C. Defendant: Defendant's communications were not confusing. Mr. Huston is an employee and attorney with Med-1 Solutions and signed the letter in question. The communications would not and do not confuse the objective unsophisticated consumer and therefore did not violate 15 U.S.C. 1692e or 1692f. Further, the Indiana Deceptive Consumer Sales Act does not grant a private right of action for the conduct alleged.

III. Pretrial Pleadings and Disclosures

  A. The parties shall serve their Fed. R. Civ. P. 26(a)(1) initial disclosures on or before **February 12, 2019**.

  B. Plaintiff shall file preliminary witness/exhibit list on or before **February 19, 2019**.

  C. Defendant shall file preliminary witness/exhibit list on or before **February 26, 2019**.

  D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **April 1, 2019**.

  E. Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **February 12, 2019**. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto **within 21 days after receipt of the demand**. The parties shall forward copies of their settlement demands and responses when made to Magistrate Judge Dinsmore at MJDinsmore@insd.uscourts.gov.

  F. Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **June 7, 2019**. Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **July 8, 2019**.

  G. Omitted.

  H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **December 13, 2019**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

  I. All parties shall file and serve their final witness and exhibit lists on or before **July 5, 2019**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in

discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.  Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.  <u>Discovery of electronically stored information ("ESI")</u>. Unless otherwise agreed between the parties or ordered by the Court, all electronically stored information will be produced in its native format.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

IV.  <u>Discovery[1] and Dispositive Motions</u>

A.  On or before **August 9, 2019**, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

B.  All discovery shall be completed by **August 2, 2019**.

C.  Dispositive motions are expected and shall be filed by **August 30, 2019**.

<u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

---

[1] The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

3

If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for a protective order.

V.  Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's staff to request a conference, or the Court may sua sponte schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.

VI.  Trial Date

This matter will be ready for trial in or after **June 2020**. The trial is by **jury** and is anticipated to take **two (2) days**.

VII.  Referral to Magistrate Judge

A.  **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

B.  **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII.  Required Pre-Trial Preparation

A.  TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:

1.  File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2.  Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

      3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

      4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

IX.    <u>Other Matters</u>

None.

DATED this 11th day of January, 2019.

| For Plaintiff, Cassie J. Poole: | For Defendant, Med-1 Solutions, LLC: |
|---|---|
| _/s/ Kristen C. Wasieleski_ | _/s/_ |
| Kristen C. Wasieleski | Nicholas Ward Levi |
| CONSUMER LAW PARTNERS, LLC | KIGHTLINGER & GRAY, LLP |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| X | PARTIES APPEARED BY COUNSEL ON **JANUARY 18, 2019** FOR A PRETRIAL CONFERENCE. |
| X | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| X | DISCOVERY DEADLINE SHALL BE **AUGUST 2, 2019**. |
| | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_.M., ROOM \_\_. |
| X | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR **APRIL 1, 2019 AT 10:30 A.M. (EST).** The information needed by counsel to participate in this telephonic conference will be provided by a separate notification. |

|   |   |
|---|---|
|   | A SETTLEMENT CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM **316 (See attachment for particulars, including description of which client(s) must attend.**); OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR \_\_\_\_ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **AUGUST 30, 2019**. |

    Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

    **Approved and So Ordered.**

Dated:  January 18, 2019

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**