UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| CASSIE J. POOLE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:18-cv-03255-JRS-MPB |
| MED-1 SOLUTIONS, LLC, | ) ) ) | |
| Defendant. | ) | |

**Order on Cross-Motions for Summary Judgment**

Cassie J. Poole has sued MED-1 Solutions, LLC alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e *et seq.* and Indiana's Deceptive Consumer Sales Act ("IDCSA"), Indiana Code § 24-5-0.5-3(a) and (b)(20). The parties have filed cross-motions for summary judgment.

## I. Facts

Poole owes a medical debt of $123 to Community Health Network (the "subject debt"). (Compl. ¶ 11, ECF No. 1.) The subject debt was sold, assigned, and/or transferred to MED-1 for collection. (*Id.* ¶ 12.) On or about September 10, 2018, Poole received a letter from MED-1 (the "collection letter"), attempting to collect the subject debt. Viewable on the envelope of the collection letter through a clear glassine window was the following:

> **RICHARD R. HUSTON, ATTORNEY AT LAW**
> RETURN MAIL ADDRESS
> 517 US HIGHWAY 31 N
> GREENWOOD, IN 46142-3932

(Compl. ¶ 14 & Ex. B, ECF No. 1.) "MED-1 Solutions" appeared in the upper righthand corner of the letter. The letter read in part:

> We represent the above-named creditor. . . .
>
> It is very important you contact our office. In order to resolve this matter please call a MED-1 Solutions representative at **888.323.0811**. For your convenience, you may make your payment by visiting our website at **www.med1solutions.com**

(Compl. ¶ 15 & Ex. A.) The collection letter included a MED-1 address to remit payment and a MED-1 account number. (Compl., Ex. A.) The letter had a signature block for "Richard R. Huston, Attorney at Law, MED-1 Solutions. (Compl., Ex. A.) MED-1 sent Poole a second collection letter similar in all relevant respects to the first. (ECF No. 29-3.)

Huston is a MED-1 employee and attorney. (Huston Aff. ¶ 3, ECF No. 29-1.) He was personally involved in MED-1's debt collection efforts as to Poole's debt. (*Id.*) Huston reviewed Poole's file and signed the debt collection letters before they were sent to her. (Huston Aff. ¶ 4, ECF No. 29-1.) He reviewed MED-1's complete file related to Poole. (*Id.* ¶ 5.)

Poole alleges she was confused about MED-1's collection activity as to who was collecting on the debt. (Compl. ¶ 15.) She consulted her lawyer for clarification of her rights. (Compl. ¶ 16.) Poole claims she was intentionally deceived by the use of an attorney's name on the envelope when the collection letter was from MED-1, a debt collector. (Compl. ¶ 18.)

At her deposition, Poole testified that the collection letters confused her because she thought she was being sued by Huston on behalf of MED-1 and that scared her. (Poole Dep. 24, 35, 37, 38, ECF No. 29-4; Poole Dep. 24, 34, ECF No. 50-1.) On the one hand, she stated that was the only way she was confused, (Poole Dep. 38, ECF No. 29-4), but on the other hand, she said that she was confused about who sent the letters, (*id.* at 10, 13, 34–35). Poole explained that based on the envelope, she thought the letter was from an attorney, but when she opened it, she felt "kind of tricked because it was [from] MED-1[, a] debt collector." (Poole Dep. 10, ECF No. 50-1; *see also id.* at 13, 25, 34–35, 37.) Poole further testified that when she read the collection letter, she understood that MED-1 was seeking to collect the Community Health Network debt and that she was not being sued. (Poole Dep. 24, 35, 37, ECF No. 29-4.) And Poole testified that when she received the collection letter, she did not do anything; she did not contact MED-1 to dispute the validity of the debt or advise that she did not believe she owed the debt. (Poole Dep. 23, ECF No. 29-4.) In her words, "I'm unemployed and had insurance." (*Id.*)

Poole alleges violations of the FDCPA, 15 U.S.C. § 1692e, e(5), e(10), e(14), and §1692f. She alleges MED-1 violated § 1692e, e(10), e(14) and § 1692f by using a name other than its true name, "MED-1 Solutions, LLC," on the collection letter. She alleges that the use of "Richard R. Huston, Attorney at Law" on the envelope makes it unclear as to who is collecting the debt and is an unfair, deceptive, and misleading means used in connection with MED-1's collection efforts. (Compl. ¶ 25, ECF No. 1.) Poole also claims that the use of "Richard R. Huston, Attorney at Law" on the

envelope was intended to have her rely on the misrepresentation that the communication was from an attorney instead of a debt collector, in violation of §1692e(10). (Compl. ¶ 26.) Lastly, she alleges MED-1 also violated the IDCSA, Indiana Code § 24-5-0.5-3(a) and (b)(20), by engaging in unfair, abusive, and deceptive behavior by using a name other than its true name on the collection letter, making it unclear as to who was collecting the debt. (Compl. ¶ 32.)

## II. Discussion

MED-1 moves for summary judgment on all of Poole's claims on three grounds. It first contends that Poole's testimony limits the scope of her claims to her confusion that Huston was suing her. In other words, MED-1 maintains that Poole's standing is limited to her claim that she feared being sued. MED-1 also argues that it complied with the FDCPA and IDCSA because its letters would not make the objective unsophisticated consumer believe that Huston was suing him or her. Third, MED-1 contends that a consumer's IDCSA claim cannot be based on an alleged violation of the FDCPA.

Poole responds to MED-1's summary judgment motion by arguing that MED-1 errs in narrowing her claims to the fear of being sued as she testified to fear that the debt collection was being handled by an attorney, confusion about legal action being taken against her, as well as feeling deceived by the collection letter and about who was communicating with her. (Pl.'s Rep. Opp'n Def.'s Mot. Summ. J. 6, ECF No. 33.) Poole argues that the collection letter was meant to leave the unsophisticated consumer with the belief that she has received a letter from an attorney, when the letter

4

is actually from a debt collector, and that legal action will be taken if the consumer does not act. (Pl.'s Resp. Def's. Mt. Summ. J. 7, ECF No. 33.) She further argues that the use of an attorney's name and return address, "while *omitting any mention of* [MED-1]" is a means to intimidate the consumer to make payment and is an unfair and unconscionable means to collect a debt. (*Id.* at 8 (emphasis added).)[1] Poole has not directly addressed MED-1's arguments as to her IDCSA claims.

Poole also has filed her own motion for summary judgment. She argues that MED-1's use of a name other than its true name on the envelope of its collection letter was false, deceptive and misleading and was intended to make her believe that the communication came from an attorney instead of MED-1 in order to procure immediate payment of the subject debt. She argues that she was confused as to who sent the letter and who was collecting the debt. Poole asserts that the communication, including the return address, is plainly deceptive and misleading, and, therefore, no extrinsic evidence is needed to show that the unsophisticated consumer would be confused. *See Ruth v. Triumph P'ships*, 577 F.3d 790, 800–801 (7th Cir. 2009). Furthermore, Poole suggests that Huston's name was used to get her to believe that the letter came from an attorney and to act more quickly and that the unsophisticated consumer "would feel pressured to make a payment to avoid legal action by an attorney." (Pl.'s Mot. Summ. J. 9, ECF No. 35.) In her reply, Poole seeks leave of Court to provide

---

[1] Poole also states that "the issue is whether the Collection Letter, using an attorney return address and *with little mention of* Defendant, would deceive the unsophisticated consumer into believing the Collection Letter was from an attorney." (Pl.'s Resp. Opp'n Def.'s Mot. Summ. J. 6, ECF No. 33 (emphasis added).)

5

extrinsic evidence if the Court determines that such evidence is needed. (Pl.'s Reply 7, ECF No. 39.)[2]

Summary judgment should be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering cross-motions for summary judgment, the court examines the facts in the light most favorable to the nonmoving party on each motion and draws all reasonable inferences from the evidence in that party's favor. *Lalowski v. City of Des Plaines*, 789 F.3d 784, 787 (7th Cir. 2015). However, "[i]nferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Fischer v. Avanade, Inc.*, 519 F.3d 393, 401 (7th Cir. 2008) (quoting *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004)). Summary judgment has been described as "the 'put up or shut up' moment in a lawsuit" and "requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017). The non-moving party may not simply rely on allegations in her pleadings.

The FDCPA generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute sets forth specific instances of conduct that violate this section, including "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken;" "[t]he use of any false representation or deceptive

---

[2] Contrary to MED-1's argument, Poole does not request the Court to reopen discovery, which closed August 1, 2019.

means to collect or attempt to collect any debt or to obtain information concerning a consumer;" and "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." *Id.* §1692e(5), (10), (14). The FDCPA also prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f. Prohibited conduct under this provision includes "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram . . . ." *Id.* § 1692f(8).

### A. *MED-1's Motion for Summary Judgment*

#### 1. *Article III Standing*

MED-1 argues that Article III standing requirements limit Poole's claims to those based on her belief that litigation was imminent. To have standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 588 (7th Cir. 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). "Mere procedural violations, without the concrete harm required by Article III, do not satisfy the requirements of Article III." *Rodriguez v. Codilis & Assocs., P.C.*, No. 17-cv-03656, 2018 WL 1565596, at *2 (N.D. Ill. Mar. 3, 2018). In *Rodriguez*, the plaintiff alleged that she was "'confused, irritated and upset as a result' of receiving the false and conflicting information" from the debt collector. *Id.* at *3. The court determined that the allegation

7

the plaintiff was actually confused by the inconsistencies was enough for a concrete injury for Article III standing purposes. *Id.*

MED-1 has taken too narrow a view of Poole's claims. Poole's Statement of Claim, filed as required by the Case Management Plan, Section IV(A) (ECF No. 14) and consistent with Fed. R. Civ. P. 11, sets forth the claims she intends to prove at trial. The Statement provides that Poole intends to prove that MED-1 violated the FDCPA and IDCSA "by using the name 'Richard R. Huston, Attorney at Law,' a name other than Defendant's true name Med-1 Solutions, LLC . . . on the envelope[, which] made the letter unclear as to who was collecting the debt and misrepresenting that the communication was from an attorney instead of Defendant, in direct violation of . . . §1692e(14)." (Statement of Claim, ECF No. 31.) This Statement of Claims is *not* limited to Poole's belief that litigation was imminent or that legal action would be taken against her if she did not act. And even though at one point in her deposition Poole testified that other than believing she was being sued, she was not confused in any other way, (Poole Dep. 38, ECF No. 29-4), she also testified that she was confused about who the letters were from and when she opened the envelope she felt "tricked" because the letter was from a debt collector, (*id.* at 10, 13, 34–35, 37). Poole has testified to concrete harm from MED-1's alleged FDCPA violations and has standing to pursue her other claims. *See Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 339 (7th Cir. 2019) (holding a bare procedural violation of the FDCPA does not convey standing; plaintiff did not allege that defendant's violation harmed or presented a

8

risk of harm to her interests under the Act); *Rodriguez*, 2018 WL 1565596, at *3 (holding that "confusion suffices for a concrete injury").

### 2. *Poole's Belief She Was Being Sued*

But MED-1 is right that Poole's claim based on the fear of being sued cannot survive summary judgment. When deciding whether a debt collector has used false, deceptive, or misleading representations or means under § 1692e, the Court applies the unsophisticated consumer standard. *Gammon v. GC Servs. Ltd. P'ship,* 27 F.3d 1254, 1257 (7th Cir. 1994). This standard is an objective one, and the Court asks whether the debt collector's communication would deceive or mislead an unsophisticated but reasonable consumer. *Turner v. J.V.D.B. & Assocs., Inc.,* 330 F.3d 991, 995 (7th Cir. 2003).

Nothing in the collection letters suggests that legal action will be taken against the consumer if she does not act. The letters do not state an explicit or implicit intent to take legal action. Nor do they mention a lawsuit, the courts, or any "trappings of litigation." Therefore, the letters do not threaten litigation. *See, e.g.*, *Aker v. Bureaus Inv. Group Portfolio No. 15 LLC,* NO. 12 C 03633, 2014 WL 4815366, at *5 (N.D. Ill. Sept. 29, 2014) ("For a collection letter to threaten legal action under § 1692e(5), it must communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made." (quoting *Jenkins v. Union Corp.,* 999 F. Supp. 1120, 1136 (N.D. Ill. 1998)).

*Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98 (1st. Cir. 2014), on which Poole relies in arguing that MED-1's letters threatened legal action, is

9

distinguishable. The collection letter in *Pollard* included statements that the defendant "was 'not inclined to use further resources attempting to collect this debt before filing suit'" and "that the defendant planned to collect the debt 'through whatever legal means are available and without [the plaintiff's] cooperation.'" *Id.* at 100. The letter also advised that "the defendant was 'obligated to [its] client to pursue the next logical course of action without delay.'" *Id.* Although MED-1's collection letters to Poole contain the "Attorney at Law" designation after Huston's name (and Huston is an attorney and employee with MED-1 (Huston Aff. ¶ 3, ECF No. 29-1)), the letters do not mention a lawsuit or any legal means whatsoever. The letters do not explicitly or implicitly threaten legal action. Therefore, the Court finds that collection letters MED-1 sent Poole would not mislead an unsophisticated consumer to believe that legal action against her was imminent. MED-1 is entitled to summary judgment on Poole's claim of a violation of. § 1692e(5), which prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken."

MED-1's motion for summary judgment was based on two arguments: (1) Poole's claims were limited to her confusion that Huston was suing her, and (2) whether the collection letters would make an unsophisticated consumer believe she was being sued. MED-1 is right that the letters do not communicate that Poole is being or will be sued. But Poole's claims go beyond her alleged confusion about being sued. Thus, MED-1's motion for summary judgment is granted in part.

*3. IDCSA Claims*

Finally, MED-1 contends that a consumer's IDCSA claim cannot be based on an alleged violation of the FDCPA. Poole has not directly addressed MED-1's arguments as to her IDCSA claims, and therefore, the Court understands her to have waived any opposition to MED-1's request for summary judgment on those claims. *See Lekas v. Briley*, 405 F.3d 602, 614–15 (7th Cir. 2005) (holding that the plaintiff waived certain claims by failing to respond to arguments for dismissal). But even if Poole had contested MED-1's motion with respect to her IDCSA claims, MED-1 would be entitled to summary judgment.

The IDCSA states that "[a] person relying upon [a] . . . deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater." Ind. Code § 24-5-0.5-4(a). However, "[t]his subsection does not apply with respect to a deceptive act described in section 3(b)(20) of this chapter." *Id.* Section 3(b)(20) describes acts that violate the FDCPA. Ind. Code § 24-5-0.5-3(b)(20). Only the Indiana attorney general can bring an action to enjoin deceptive acts that allegedly violate the FDCPA. *Id.* § 24-5-0.5-4(c). Moreover, the IDCSA requires reliance by the consumer on the deceptive act. Even if Pool's IDCSA claims were not based on FDCPA violations, which they are, she does not claim or offer evidence of any reliance on MED-1's collection letters. Therefore, MED-1 is entitled to summary judgment on her IDCSA claims.

*B. Poole's Motion for Summary Judgment*

Turning to Poole's motion for summary judgment, Poole seeks summary judgment on her claim that MED-1 violated the FDCPA by using a name other than its true name on the collection letter to her. She argues that it was unclear who was collecting the debt and misrepresented that the communication was from an attorney rather than MED-1.

The Seventh Circuit has said that "[g]enerally, § 1692e only protects against false statements that are material—in other words, statements that would 'influence a consumer's decision . . . to pay a debt.'" *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 349 (7th Cir. 2018) (quoting *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009)). "If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA—even if it is false in some technical sense." *Id.* (quoting *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645–46 (7th Cir. 2009)); *see also Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 758 (7th Cir. 2009) ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable."); *Chandler v. Eichel*, No. 1:17-cv-00681-JMS-MPB, 2017 WL 4236569, at *5 (S.D. Ind. Sept. 25, 2017) ("Violations of § 1692e are generally not actionable unless they are material—that is, if a misstatement 'would not mislead the unsophisticated consumer' in intelligently responding to an effort to collect a debt, the misstatement does not violate FDCPA.") (citation omitted). As the Seventh Circuit has noted, because § 1692e's provisions "are drafted in broad terms," courts "must assess allegedly false or misleading statements to determine whether they could have

any practical impact on a consumer's rights or decision-making process—that is, whether they represent the kind of conduct the Act was intended to eliminate." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016).

Poole has presented no evidence that the alleged deception in using Huston's name and/or "Attorney at Law" designation is material. At most, the use of Huston's name and that designation would prompt the consumer to open the envelope of the collection letter. That got Poole's attention. But Poole has presented no evidence that once she opened the envelope and read the collection letter, that the use of the name or designation had any practical impact on her or an unsophisticated consumer's rights or decision-making process. Instead, the evidence is that neither the use of Huston's name nor the "Attorney at Law" designation had any influence on her decision to pay (or not pay) the debt. Poole testified that when she received the collection letter, she did not do anything; she did not contact MED-1 to dispute the validity of the debt or to advise them that she did not believe she owed the debt. (Poole Dep. 22, ECF No. 29-4.) As she explained, she was "unemployed and had insurance." (*Id.*) Poole has insufficient evidence to raise a reasonable inference that the use of Huston's name and/or "Attorney at Law" designation in the return address of the collection letter was material. Therefore, her motion for summary judgment should be denied and MED-1 should be granted summary judgment on her claims under §1692e.

In addition, the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. "The

13

statute does not define 'unfair or unconscionable,' and the Seventh Circuit has suggested that the standard is objective and 'a question for the jury unless reasonable jurors could not find that the practice described rose to that level.'" *Neeley v. Portfolio Recovery Assocs., LLC*, No. 1:15-cv-01283-RLY-MJD, 2018 WL 1558243, at *3 (S.D. Ind. Mar. 22, 2018) (quoting *Todd v. Collecto, Inc.*, 731 F.3d 734, 739 (7th Cir. 2013)).

Poole contends that MED-1's use of the name of an attorney, "and omitting any mention of [MED-1], is unfair and unconscionable" means to intimidate consumers to pay the debt by implying that the collection letter is from an attorney. (Pl.'s Mot. Summ. J. 13, ECF No. 35.) She relies on *Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996), and argues that "a consumer knows a collection letter from attorney is to be taken more seriously than one from a debt collector." ((Pl.'s Mot. Summ. J. 12, ECF No. 35.) In *Avila*, the Seventh Circuit observed:

> An unsophisticated consumer, getting a letter from an "attorney," knows the price of poker has just gone up. And that clearly is the reason why the dunning campaign escalates from the collection agency, which might not strike fear in the heart of the consumer, to the attorney, who is better positioned to get the debtor's knees knocking.

84 F.3d at 229. The Seventh Circuit cautioned that if a debt collector "wants to take advantage of the special connotation of the word 'attorney' in the minds of delinquent consumer debtors to better effect collection of the debt, the debt collector should at least ensure that an attorney has become professionally involved in the debtor's file." *Id.*

The undisputed evidence is that Huston is an attorney and an MED-1 employee. Any implication that the collection letters were from an attorney are true, and such

an implication does not violate the FDCPA. *See Hahn*, 557 F.3d at 757 (stating that because plaintiff's "only argument is that the letter is false—and, as we have concluded that the statement is true, the case is over"). Furthermore, consistent with the Seventh Circuit's guidance in *Avila*, Huston was personally involved in MED-1's debt collection efforts as to Poole's debt; he had reviewed MED-1's complete file related to Poole and signed the debt collection letters before they were sent to her. (Huston Aff. ¶¶ 4–5, ECF No. 29-1.) Besides, Poole further testified when she read the collection letter, she understood that MED-1 was seeking to collect the Community Health Network debt and that she was not being sued. (Poole Dep. 24, 35, 37, ECF No. 29-4.) Poole further testified that when she received the collection letter, she did not do anything; she did not contact MED-1 to dispute the validity of the debt or to advise that she did not believe she owed the debt. (Poole Dep. 23, ECF No. 29-4.) In her words, "I'm unemployed and had insurance." (*Id.*) Therefore, the use of the "Attorney at Law" designation did not influence Poole's decision to pay the debt and was not material.

"Materiality is an ordinary element of any federal claim based on a false or misleading statement." *Hahn*, 557 F.3d at 757; *see also Markette v. HSBC Bank*, No. 15-cv-05271, 2018 WL 1695368, at *8 (N.D. Ill. Apr. 6, 2018) ("[I]f the alleged misrepresentations are merely technically false with no material effect on the consumer's course of action or the outcome of the debt collection process, how can they be unfair or unconscionable?"). No reasonable jury could find that MED-1's use of Huston's name and "Attorney at Law" on the collection letters or as visible through the window

15

of the envelope was unfair or unconscionable and in violation of the FDCPA. Thus, Poole's motion for summary judgment should be denied.

### Conclusion

The Local Rules do not allow for the filing of a response to a surreply and Poole did not seek leave to file such a response; therefore, MED-1's Motion to Strike Poole's Response to MED-1's Surreply (ECF No. 52) is **granted**.

MED-1's Motion for Summary Judgment (ECF No. 28) is **granted in part** as to Poole's FDCPA claims based on her belief that Huston was suing her or that litigation was imminent and as to her claims under the IDCSA.

Plaintiff's Motion for Summary Judgment (ECF No. 35) is **denied**.

MED-1's Motion for Summary Judgment was limited to a few, narrow grounds. However, in opposing Poole's Motion for Summary Judgment, MED-1 has made the appropriate arguments and has shown that Poole cannot prevail on any of her claims. Under Fed. R. Civ. P. 56(f)(2), "[a]fter giving notice and a reasonable time to respond," the Court may grant summary judgment to a nonmovant or on grounds not raised by a party. Poole is given notice that based on the undisputed material facts, it appears that MED-1 is entitled to summary judgment on all claims. Poole **is allowed 21 days from this date** within which to respond as to why summary judgment is not appropriate. MED-1 **is allowed 15 days** thereafter to reply. But, this is not an opportunity to simply reassert arguments that were made or should have been made on the cross-motions for summary judgment.

16

**SO ORDERED**.

Date: 3/20/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to all parties of record via CM/ECF.